Memorandum. Order affirmed, with costs.
One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary (Restatement, Agency 2d, § 469). Nor does it make any difference that the services were beneficial to the principal, or *929 that the principal suffered no provable damage as a result of the breach of fidelity by the agent (see Wechsler v Bowman, 285 NY 284, 291-292, remittitur amd 286 NY 582; Lamdin v Broadway Surface Adv. Corp., 272 NY 133, 138-139). Nevertheless, on the findings of fact in this case, meticulously detailed by the court at trial, and affirmed at the Appellate Division, plaintiff was not guilty of any breach of fidelity during the term of his employment or engagement (see opn [85 Misc 2d 994] by Madam Justice Beatrice Shainswit at Supreme Ct). That plaintiff during his employment planned and took preliminary steps to enter into a competitive business involved no breach of fidelity so long as, as the courts below found as a fact, plaintiff never lessened his work on behalf of defendant and never misappropriated to his own use any business secrets or special knowledge (compare Jones Co. v Burke, 306 NY 172, 188-189, with Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 308-309, and Leo Silfen, Inc. v Cream, 29 NY2d 387, 391-392, 395).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.